**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| DION WILMONT, | No. 09-55988 |
| Petitioner - Appellant, | D.C. No. 2:06-cv-08232-GAF-PLA |
| v. |  |
| SCOTT MCEWEN, Warden; MATTHEW CATE, Secretary of CDC, | MEMORANDUM[*] |
| Respondents - Appellees. |  |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted March 5, 2013
Pasadena, California

Before: GOODWIN, WARDLAW, and GOULD, Circuit Judges.

California prisoner Dion Wilmont appeals the denial of his 28 U.S.C. § 2254

habeas corpus petition. We affirm.

Denial of a habeas petition is reviewed de novo. *Parker v. Small*, 665 F.3d

1143, 1147 (9th Cir. 2011) (per curiam). Under AEDPA, federal courts may grant

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

relief to state prisoners only where the state court's adjudication of a claim on the merits was either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). AEDPA review is "highly deferential." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

The admission of the evidence of Wilmont's previous convictions was not so fundamentally unfair as to deny him due process because it was the anticipated consequence of his attorney's strategy. "[D]enial of due process is the failure to observe that fundamental fairness essential to the very concept of justice. . . . [W]e must find that the absence of that fairness fatally infected the trial; the acts complained of must be of such quality as necessarily prevents a fair trial." *Lisenba v. California*, 314 U.S. 219, 236 (1941). Though Wilmont argues the evidence of his prior convictions was irrelevant, he was warned of the danger of testifying, and his counsel was warned that if mental health experts based any part of their opinions on Wilmont's criminal record, all of Wilmont's criminal history would be available to the jury after cross-examination. We cannot say the California Court of Appeal's conclusion that Wilmont's due process rights were not violated was contrary to, or an unreasonable application of, federal law.

As to the challenged jury instructions, habeas relief based upon trial error is not available where the error is harmless. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993). Even if the California Court of Appeal incorrectly approved of the flight instruction, the district court's decision to give the instruction was harmless error. As to the failure-to-explain instruction, the state court explicitly found harmless error. We agree with that conclusion. Thus, in both cases, the state court adjudication was not contrary to, or an unreasonable application of, federal law.

Similarly, to warrant reversal under AEDPA, comments by a prosecutor must "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). The California Court of Appeal found no pattern of egregious conduct rising to the level of a due process violation. The Court of Appeal's conclusion that a single reference to Wilmont as a "con-wise" individual who had served prison time did not violate Wilmont's right to due process was neither contrary to, nor an unreasonable application of, federal law.

Because any prosecutorial misconduct was harmless, the failure to object by defense counsel does not rise to ineffective assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Finally, the cumulative effect of any error here did not result in a due process violation. *Brecht*, 507 U.S. at 637-38.

**AFFIRMED.**